## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

ROSALIND BROWN,                )
                               )
              Plaintiff,       )
                               )
v.                             )          CV422-259
                               )
EXPRESS PROFESSIONAL           )
STAFFING, *et. al.*,           )
                               )
              Defendants.      )

## ORDER AND REPORT AND RECOMMENDATION

*Pro se* plaintiff Rosalind Brown has filed this action asserting that Express Professional Staffing and one of its employees, Eva Bumpers, discriminated against her in violation of the Americans with Disabilities Act. *See generally* doc. 1. The Court partially granted her leave to proceed *in forma pauperis*, docs. 5 & 6, and she has complied with the Court's instructions, *see* docket entries dated January 17, 2023; February 22, 2023; March 20, 2023; and April 17, 2023. The Court, therefore, proceeds to screen her Complaint. *See* 28 U.S.C. § 1915(e)(2)(B).

"Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under [Federal Rule of Civil Procedure] 12(b)(6)." *Wilkerson v. H & S, Inc.*, 366 F. App'x

49, 51 (11th Cir. 2010) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)).  To avoid dismissal, plaintiff's pleadings must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The pleadings cannot rest merely on an "unadorned, the-defendant-unlawfully-harmed-me accusation," *id.* at 678, and the facts offered in support of the claims must rise to a level greater than mere speculation, *Twombly*, 550 U.S. at 555.  Stated otherwise, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" *Id.* at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Brown alleges that she suffers from Lupus, seizures, and epilepsy. *See* doc. 1 at 6.  She alleges that she was hired for a temporary position, *i.e.*, "Temporary Voter Registration," in April 2022.  *Id.* at 7.  Two otherwise unidentified individuals "advised [her] . . . to contact Express Professional Staffing."  *Id.*  Brown contacted Defendant Bumpers, who informed Brown that Bumpers "was told," it's not clear by whom, that

Brown "was not a good fit," it's not clear for what. *Id.* Bumpers "assigned" Brown to two other employers. *Id.* Brown "was never contacted back with the required information to complete the assignments." *Id.* Based on those limited factual allegations, she asserts that she "believe[s] that [she] was discriminated against based on [her] disability in violation of the Americans with Disabilities Act of 1990." *Id.*

First, Brown has not, and indeed cannot, state an ADA claim against Defendant Bumpers because the ADA does not provide for individual liability. The ADA provides that "[n]o covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). "The term "covered entity" means "an employer, employment agency, labor organization, or joint labor-management committee." 42 U.S.C. § 12111(2). This does not allow for individual liability. *See Albra v. Advan, Inc.*, 490 F.3d 826, 830 (11th Cir. 2007) ("… individual liability is precluded for violations of the ADA's employment discrimination

provision . . . ."). Brown's ADA claim against Defendant Bumpers should, therefore, be **DISMISSED**.[1]

Although Express Professional Staffing may be liable under the ADA, Brown has not alleged sufficient facts to support such a claim. To state a claim of discrimination under the ADA, a plaintiff must allege that, at the time of the adverse action, she was (1) disabled, (2) qualified for the position, and (3) subjected to unlawful discrimination because of her disability. *See Mazzeo v. Color Resolutions Intern., LLC*, 746 F.3d 1264, 1268 (11th Cir. 2014). A person is "disabled" under the ADA in three different ways: (1) if she has "a physical or mental impairment that substantially limits one or more  major life activities"; (2) if she has a record of such an impairment; or (3) if she is "regarded as" having such an impairment.  42 U.S.C. § 12102(1).  One "major life activity" is working. *D'Angelo v. ConAgra Foods, Inc.*, 422 F.3d 1220, 1226-27 (11th Cir. 2005).  A "qualified individual" is someone with a disability who, "with or without reasonable accommodation, can perform the essential

---

[1] Although, as discussed below, Brown is entitled to an opportunity to amend claims which might be improved by more careful drafting, it "need not allow amendment if the amended complaint would still be subject to dismissal." *Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015).  Brown's ADA claim against Bumpers is not amendable.

functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). "An employer's failure to make reasonable accommodation for an otherwise qualified disabled employee constitutes discrimination under the ADA[.]" *D'Angelo*, 422 F.3d at 1225-26; *see also Anderson v. Embarq/Spirit*, 379 F. App'x. 924, 927 (11th Cir. 2010) ("An employer impermissibly discriminates against a qualified individual when the employer does not reasonably accommodate the individual's disability." (citing 42 U.S.C. § 12112(b)(5)(A))). The ADA also prohibits retaliation against an employee for opposing prohibited conduct. *See, e.g.,* 42 U.S.C. § 12203(a). "To establish a prima facie case of retaliation, a plaintiff must show: (1) that she engaged in statutorily protected expression; (2) that she suffered an adverse employment action; and (3) that there was a causal link between the adverse action and the protected expression." *Stevens v. S. Nuclear Operating Co., Inc.*, 209 F. Supp. 3d 1372, 1381 (S.D. Ga. 2016). Brown's allegations, even taken as true, are insufficient to allege discrimination or retaliation.

Brown's allegations are simply too vague and conclusory to support an ADA claim. Her allegations concerning her medical conditions are sufficient, for screening purposes, to allege that she is disabled. However,

since she has not indicated what sort of positions she sought assignment to, she has not alleged that she was qualified for those positions. Moreover, her allegation that she "was never contacted back" regarding the proposed assignments provides no indication that the failure was discriminatory based on her alleged disabilities. To the extent that she asserts that Defendant failed to accommodate her, *see* doc. 1 at 6, she does not allege that she requested any accommodation. Finally, to the extent that she alleges retaliation, *id.*, she does not allege that she engaged in any statutorily protected conduct. Brown's threadbare allegation that she was "assigned . . . to Great Dane and Wilmington Island Tennis Tournament, [but] . . . was never contacted back with the required information to complete the assignments," doc. 1 at 7, is insufficient. *See, e.g., Iqbal*, 556 U.S. at 679 ("[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the pleading fails to state a claim).

Because Brown has failed to plead sufficient facts to support any ADA claim against Express Professional Staffing, those claims are subject to dismissal. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). However, "where a more carefully drafted complaint might state a claim, a district court

should give a pro se plaintiff at least one chance to amend the complaint before the court dismisses the action." *Jenkins*, 620 F. App'x at 711 (citations omitted).  The Court will do so here.  Brown is **DIRECTED** to file an Amended Complaint clarifying the facts she alleges support Express Professional Staffing's liability under the ADA by no later than May 10, 2023.  The Clerk is **DIRECTED** to include a blank copy of Form Pro Se 7 (Complaint for Employment Discrimination) with this Order and Report and Recommendation to facilitate Brown's preparation of the Amended Complaint.  Brown is advised that failure to timely comply with this instruction may result in a recommendation that her case be dismissed.  *See* Fed. R. Civ. P. 41(b).

In summary, Brown's ADA claims against Defendant Bumpers should be **DISMISSED**.  Brown is **DIRECTED** to submit an Amended Complaint clarifying her ADA claims against Defendant Express Professional Staffing by no later than May 10, 2023.  This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to the R&R with the Court and serve a copy on all parties.  The document should be captioned

"Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED,**

this 27st day of April, 2023.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

8